# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

|                                |     |                                                                      |
|--------------------------------|-----|----------------------------------------------------------------------|
| UNITED STATES OF AMERICA,      |  :  |                                                                      |
| Plaintiff,                     |  :  | Criminal Case No. 3:03cr00017                                        |
| vs.                            |  :  | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| CHARLES HARDEN,                |  :  |                                                                      |
| Defendant.                     |  :  |                                                                      |
| _____ |     |                                                                      |
| CHARLES HARDEN,                |  :  |                                                                      |
| Petitioner,                    |  :  | Civil Case No. 3:10cv00169                                           |
| vs.                            |  :  | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| UNITED STATES OF AMERICA,      |  :  |                                                                      |
| Respondent.                    |  :  |                                                                      |

## REPORT AND RECOMMENDATIONS[1]

Charles Harden, an inmate in federal custody, has filed a Motion To Correct An Illegal Sentence, Where Uncounseled State Conviction Was Used To Enhance The Federal State Sentence In Violation Of Federal Law (Doc. #156).

The Court has previously described Harden's conviction; his direct appeals; his first Motion To Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. §2255; his

_____

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Motion titled "Actual Innocense of 4B1.1 Requirements for Classification as a Career Offender"; and his Motion under Fed. R. Civ. P. 60. (Doc. #151 at 623-27). The prior description is incorporated herein by reference. *Id.*

Harden now contends, in his Motion to Correct An Illegal Sentence, that the enhancement of his federal sentence was unlawful because it was based on a prior state conviction entered against him in violation of his right to counsel under the Sixth Amendment to the United States Constitution. Harden explains that his prior state conviction was based on his guilty plea even though no attorney represented him at both his plea and sentencing hearings. Harden supports his Motion with the affidavits of two individuals, who essentially confirm that Harden was not represented by an attorney during his December 1995 plea and sentencing hearings in state court.

Harden does not plainly state that his Motion is based on 28 U.S.C. §2255. He instead cryptically states, "I am without 2255 and the secon[d] or successive post-conviction relief. [sic]" (Doc. #156 at 640). He also states, "I challenge the legality of the sentence." *Id.*

Despite the absence of plain statement by Harden that his Motion is brought under 28 U.S.C. §2255, his Motion is squarely within the ambit of §2255. Indeed, the only statutory basis remaining for Harden to potentially raise his present sentencing arguments is 28 U.S.C. §2255 because he previously concluded his direct appeals and because he has already unsuccessfully litigated a first Motion under §2255, a Motion asserting actual innocense, and a Motion under Fed. R. Civ. P. 60, which the Court construed as a second §2255 Motion. *See* Doc. #s 151, 152. Because Harden again challenges his federal sentence, his present Motion constitutes a second or successive §2255 Motion. *See United States v. Carter*, 500 F.3d 486, 489-90 (6th Cir. 2007) (and cases cited therein); *see also In re Acosta*, 480 F.3d 421 (6th Cir. 2007) (and cases cited therein). Harden therefore cannot proceed in this Court without first obtaining certification from the United States Court of Appeals for the Sixth Circuit. *See* 28 U.S.C. §2255(h).

Accordingly, this case should be dismissed with instructions directing Harden to apply to the United States Court of Appeals for the Sixth Circuit for an Order authorizing this Court to further consider his present Motion To Correct An Illegal Sentence. *See* 28 U.S.C. §2244 and §2255(h).

## IT IS THEREFORE RECOMMENDED THAT:

1. Harden's Motion To Correct An Illegal Sentence, Where Uncounseled State Conviction Was Used To Enhance The Federal State Sentence In Violation Of Federal Law (Doc. #156) be DISMISSED with instructions directing Harden to apply in the United States Court of Appeals for the Sixth Circuit for an Order authorizing this Court to further consider his present Motion To Correct An Illegal Sentence;

2. Civil Case No. 3:10cv00169 be terminated on the docket of this Court; and

3. Criminal Case No. 3:03cr00017 remain terminated on the docket of this Court.

April 28, 2010

                             s/Sharon L. Ovington
                             Sharon L. Ovington
                       United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).